GEORGIA, CAROLINA & NORTHERN RAILWAY CO. *v.* PARKS.

The question as to whether the plaintiff could have avoided the consequences of the defendant's negligence was one of fact for determination by the jury; and taking the evidence most favorably for the prevailing party, there was enough to warrant a finding for the plaintiff, though there was also enough in the whole evidence to warrant a finding against him.        *Judgment affirmed.*

LUMPKIN, J., dissenting. It being, to my mind, conclusively shown by the evidence that the plaintiff was guilty of negligence in driving his wagon on the track of the railroad at a public crossing while the railroad was in progress of construction, that it was obviously dangerous to cross the same in this manner, and that the exercise of ordinary care and diligence upon his part would have prevented his so doing, the verdict in his favor was contrary to law, although the railroad company may have been guilty of negligence in leaving the crossing in a dangerous condition, and in failing to warn the plaintiff of this fact.

November 6, 1893.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. May term, 1893.

Parks sued the railroad company for damages sustained by him in consequence of a fall from his wagon as he was attempting to drive his team over the defendant's track at a public road crossing. A verdict in his favor was rendered, and the defendant moved for a new trial on the grounds that the same was contrary to law and evidence. The motion was overruled. The evidence was conflicting. It appeared that the plaintiff was driving a two-horse wagon containing a bale of cotton, on top of which he was sitting. The wagon road was inclined upward on each side of the railroad. The company's employees were at work upon the track at this point, and some of them were on the opposite side of the railroad from the plaintiff. He drove up and stopped his wagon twenty or twenty-five feet from the railroad and stood there ten or fifteen minutes. One of the railroad wagons was driven empty over the crossing, and then the plaintiff started to drive over. The railroad track had been filled with earth outside the rails, but not between them, and there was a sink of about a foot in depth from the top of the rails. As the plaintiff attempted to drive across, the mules became frightened when they stepped inside the track, and began to jump. He tried to stop them but could not, and was thrown from the wagon as it lunged over the rails. He testified that he could not see the condition of the road inside the track until he got there, and first discovered it when he drove into it, and that he had no notice or warning that it was out of repair or unsafe to cross, though he could have been warned by those in charge of the work, who were on the other side of the railroad. The testimony for the company was, that the plaintiff could have seen the condition of the premises from where he sat in his wagon, and that he was expressly warned by the company's agent in charge of the track-laying, that he could not cross and would have to wait until they made

the crossing, which they would do as soon as possible and which would have taken about three quarters of an hour.   Other witnesses who were present testified that they did not hear any warning given to the plaintiff, nor anything said to him, and that the injury occurred about ten o'clock in the morning and it was after two o'clock before the crossing was fixed.   There was testimony that the reason why the plaintiff stopped when he drove up, was because he saw the condition of the crossing and was waiting for it to be so prepared that he could cross in safety.   He testified that he stopped to look at the hands work and let his mules rest; and that if he had known the crossing was dangerous, he would not have attempted to go over.

ERWIN & COBB, for plaintiff in error.
C. H. BRAND and HARRISON & PEEPLES, contra.